HURRICANE DELTA AND LAURA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERRI BOONE, VICKIE BOONE, | * | |
| DWAYNE COLSTON | * | |
| | * | CIVIL ACTION NO. |
| VERSUS | * | |
| | * | |
| | * | |
| PROGRESSIVE INSURANCE COMPANY | * | |
| | * | |
| | * | |

*****************************************************************

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the
complainants, Terri Boone, Vickie Boone, Dwayne Colston (hereinafter
"Complainants"), and files his  Complaint for Damages against Defendant(s),
Progressive Insurance Company, respectfully averring as follows:

I.      PARTIES

1.

Made Plaintiff herein are Gregory Bass, Lorette Bass, Vickie
Boone, Dwayne Colston ("Complainants") persons of full age domiciled
in Lake Charles, Louisiana.

2.

1. Made Defendant(s) herein is Progressive Insurance Company, (Defendant "Progressive ") an insurer domiciled in Georgia who is authorized to do and is doing business in the State of Louisiana and the Parish of Calcasieu, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State 8585 Archives Ave, Baton Rouge, Louisiana 70809.

## II.    JURISDICTION AND VENUE

### 3.

Jurisdiction is proper in this Honorable Court pursuant to 28 USC § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

### 4.

Venue is proper in this Honorable Court pursuant to 28 USC §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainants resides in this District and the property that is the subject to the dispute between Complainants and Defendant are located in this District.

### 5.

Defendants are justly and truly indebted and obligated unto "Complainants,"

Complainants herein, for the reasons and amounts hereafter set forth with particularity.

### III.    RELEVANT FACTS

6.

At all times relevant hereto, Terri Boone owned the property located at

218 N. Lyons St., Lake Charles, Louisiana 70605.

7.

Progressive Insurance Company (hereinafter referred to as "Defendant Progressive Insurance Company "), insured the Property under policy number LAL141866.

8.

The Policy covered the property against specifically named perils, including hurricanes, wind, and hailstorms.

9.

On or about August 27, 2020, hurricane Laura made landfall in the Lake

Charles area causing substantial damage to Terri Boone's property.

10.

The Terri Boone proceeded to tarp the roofs to prevent further damage as

required by the terms of the contract of insurance.

11.

On a certain date, Terri Boone promptly reported the damages to

Defendant Progressive Insurance Company who assigned claim number 805662
for the Property, the hurricane Laura Claim.

12.

On certain date, a claims adjuster for Defendant Progressive Insurance Company
inspected the property for hurricane Laura damage.

13.

Upon information and belief, hurricane Delta made landfall in the Lake Charles
area causing additional damages to Terri Boone's property. Terri Boone filed a new
claim for hurricane Delta Damages

14.

Upon information and belief, Terri Boone hired a licensed

Louisiana Engineer, to provide a detailed report of the damages caused by the

recent hurricanes.

15.

On a certain date, Terri Boone was provided a copy of their findings.
.

16.

In response, Defendant Progressive Insurance Company hired an Engineering Company to conduct a detailed inspection of the property.

17.

On a certain date, months after hurricane Delta, Defendant Progressive Insurance Company sent an Engineering Company to inspect Terri Boone's property.

18.

Upon information and belief, Terri Boone, on a certain date, requested a copy of the claim file documents pursuant to La. RS 22:41(14). Defendant refused.

19.

Finally, on a certain date, months after Hurricane Delta, Defendant State

Farm inspected the property for additional damages caused by Hurricane Delta.

20.

Upon info and belief, on a certain date, Defendant Progressive Insurance Company sent a letter denying the additional damages discussed in both engineer's reports, and the invoice Defendant agreed and paid submitted by Engineering Company for Delta Damages.

21.

Terri Boone again requested a copy of the claim file documents, including the satellite report pursuant to LA RS 22:41(14). Defendant again refused.

22.

Upon information and belief, Terri Boone provided Defendant Progressive Insurance Company with a scope and photos of the damages claimed. These

reports and inspection provided to Defendant constituted satisfactory proof of loss, as the term used in conjunction with Louisiana's bad faith statutes, La RS §§§ 22:1892, 22:1893, and 22:1973.

23.

Upon information and belief, Defendant Progressive Insurance Company's failure to timely and
adequately compensate Terri Boone for their loss after receiving satisfactory proof of loss, was arbitrary, capricious, and without probable cause.

24.

Defendant Progressive Insurance Company purposely and/or negligently misrepresented the terms and conditions of the Policy.

25.

Defendant Progressive Insurance Company conducted the investigation and claims handling for Terri Boone's claims in bad faith, pursuant to La RS §§§ 22:1892, 22:1893, and 22:1973.

26.

Upon information and belief, Defendant Progressive Insurance Company willfully and purposely accepted the Delta damages claimed by its vendor but denied any delta damages claimed by Terri Boone.

29.

Upon information and belief, Defendant Progressive Insurance Company purposefully and or/negligently failed to include the damage to the exterior despite the damages being acknowledged by inspectors.

30.

Upon information and belief, Defendant Progressive Insurance Company failed to adequately compensate Terri Boone for the damages to their personal property.
.

1. CAUSES OF ACTION

A. Breach of Insurance Contract

31.

Terri Boone realleges and re-avers the allegations contained in paragraphs 1-30, above, as if restated herein.

32.

An insurance contract, the "Policy," exists between Terri Boone and Progressive Insurance Company Insurance Company.

33.

The "Policy" provides coverage for perils, including hurricanes.

34.

Despite having received satisfactory proof of loss for damages caused by the

covered perils, Defendant Progressive Insurance Company, failed to timely tender adequate insurance

proceeds as required by the "Policy."

35.

By failing to timely tender adequate insurance proceeds after having

received satisfactory proof of loss from the insured, Defendant Progressive Insurance Company

breached the "Policy."

36.

By intentionally and/or negligently misrepresenting to Terri Boone the terms and conditions of the "Policy."

37.

By intentionally and purposely not including visible damages to the

"Property," Defendant Progressive Insurance Company breached the "Policy."

38.

By refusing to conduct a timely investigation of the Terri Boone's Delta

Claim in good faith and fair dealing. Defendant Progressive Insurance Company breached the Policy.

39.

Terri Boone has suffered and continues to suffer damages as a result of

these breaches of the Policy.

B. <u>Bad Faith</u>

40.

Terri Boone realleges and re-avers the allegations contained in Paragraphs 1-39, above, as if restated herein.

41.

The actions and/or inactions of Defendant Progressive Insurance Company in failing to timely and adequately compensate Terri Boone for the covered losses under the "Policy" were arbitrary, capricious, and without probable cause-as those terms are used in conjunction with La. RS §§ 22:1892 and 22:1973, making Defendant Progressive Insurance Company liable for statutory bad faith penalties.

42.

Under La. RS §22:1973, an insurer owes a duty of good faith and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly, failing to pay a claim in a manner arbitrary, capricious, or without probable cause violates La. RS §22:1973.

43.

Failing to pay the amount of any claim due to any person insured by the contract within 60 days after receipt of satisfactory proof of loss from a claimant when such failure is arbitrary, capricious, or without "probable cause," is considered "bad faith" and violates La. RS §22:1973

44.

La. RS §22:1892 imposes bad faith penalties on insurers who fail to

adequately pay claims following satisfactory proof of loss within (30) days.

45.

Defendant Progressive Insurance Company is in violation of La. RS §§22:1973
and 22:1892 for

failing to provide Terri Boone adequate payment in connection with her

Wind/Hail claims during Hurricane Laura and Delta, despite having received

satisfactory proof of loss from the insured and following their own inspections of

the property.

46.

Defendant Progressive Insurance Company 's misrepresentation of the relevant
facts and/or the

terms of the Policy were in bad faith.

C. Negligent Infliction of Emotional Distress

47.

Defendant Progressive Insurance Company issued insurance policies with the
knowledge that the

contracts did not provide any relief for the loss of income or revenue.

48.

Defendant Progressive Insurance Company Accepted the damages submitted by its vendor

for Hurricane Delta only to deny any damages submitted by Terri Boone. Causing Terri Boone to suffered severe emotional distress including but not limited to sleepless nights and rents.

49.

Defendant Progressive Insurance Company 's refusal to provide claim file documents as required

under La. RS 22:41(14) can only be described as an intentional attempt to cause

Terri Boone undue financial burden and stress.

## IV.    RELEVANT FACTS

50.

At all times relevant hereto, Vickie Boone owned the property located at

1720 Geifers St., Lake Charles, Louisiana 70605.

51.

Progressive Insurance Company Insurance Company (hereinafter referred to as "Defendant Progressive Insurance Company "), insured the Property under policy number LAL141627.

52.

The Policy covered the property against specifically named perils, including

hurricanes, wind, and hailstorms.

53.

On or about August 27, 2020, hurricane Laura made landfall in the Lake

Charles area causing substantial damage to Vickie Boone 's property.

54.

The Vickie Boone proceeded to tarp the roofs to prevent further damage as

required by the terms of the contract of insurance.

55.

On a certain date, Vickie Boone promptly reported the damages to

Defendant Progressive Insurance Company who assigned claim number 805588
for the Property, the hurricane Laura Claim.

56.

On certain date, a claims adjuster for Defendant Progressive Insurance Company
inspected the property for hurricane Laura damage.

57.

Upon information and belief, hurricane Delta made landfall in the Lake Charles
area causing additional damages to Vickie Boone 's property. Vickie Boone filed a
new claim for hurricane Delta Damages.

58.

Upon information and belief, Vickie Boone hired a licensed

Louisiana Engineer, to provide a detailed report of the damages caused by the

recent hurricanes.

59.

On a certain date, Vickie Boone was provided a copy of their findings.

.

60.

In response, Defendant Progressive Insurance Company hired an Engineering
Company to conduct a detailed inspection of the property.

61.

On a certain date, months after hurricane Delta, Defendant Progressive Insurance
Company sent an Engineering Company to inspect Vickie Boone 's property.

62.

Upon information and belief, Vickie Boone, on a certain date, requested a copy of
the claim file documents pursuant to La. RS 22:41(14). Defendant refused.

63.

Finally, on a certain date, months after Hurricane Delta, Defendant State
Farm inspected the property for additional damages caused by Hurricane Delta.

64.

Upon info n belief, on a certain date, Defendant Progressive Insurance Company
sent a letter denying the additional damages discussed in both engineer's reports,

and the invoice Defendant agreed and paid submitted by Engineering Company for Delta Damages.

65.

Vickie Boone again requested a copy of the claim file documents, including the satellite report pursuant to LA RS 22:41(14). Defendant again refused.

66.

Upon information and belief, Vickie Boone provided Defendant Progressive Insurance Company with a scope and photos of the damages claimed. These reports and inspection provided to Defendant constituted satisfactory proof of loss, as the term used in conjunction with Louisiana's bad faith statutes, La RS §§§ 22:1892, 22:1893, and 22:1973.

67.

Upon information and belief, Defendant Progressive Insurance Company's failure to timely and adequately compensate Vickie Boone for their loss after receiving satisfactory proof of loss, was arbitrary, capricious, and without probable cause.

68.

Defendant Progressive Insurance Company purposely and/or negligently misrepresented the terms and conditions of the Policy.

69.

Defendant Progressive Insurance Company conducted the investigation and claims handling for Vickie Boone 's claims in bad faith, pursuant to La RS §§§ 22:1892, 22:1893, and 22:1973.

70.

Upon information and belief, Defendant Progressive Insurance Company willfully and purposely accepted the Delta damages claimed by its vendor but denied any delta damages claimed by Vickie Boone.

71.

Upon information and belief, Defendant Progressive Insurance Company purposefully and or/negligently failed to include the damage to the exterior despite the damages being acknowledged by inspectors.

72.

Upon information and belief, Defendant Progressive Insurance Company failed to adequately compensate Vickie Boone for the damages to their personal property.
.

1. CAUSES OF ACTION

A. Breach of Insurance Contract

73.

Vickie Boone realleges and re-avers the allegations contained in paragraphs 50-72, above, as if restated herein.

74.

An insurance contract, the "Policy," exists between Vickie Boone and Progressive Insurance Company Insurance Company.

75.

The "Policy" provides coverage for perils, including hurricanes.

76.

Despite having received satisfactory proof of loss for damages caused by the

covered perils, Defendant Progressive Insurance Company, failed to timely tender
adequate insurance proceeds as required by the "Policy."

77.

By failing to timely tender adequate insurance proceeds after having received
satisfactory proof of loss from the insured, Defendant Progressive Insurance
Company breached the "Policy."

78.

By intentionally and/or negligently misrepresenting to Vickie Boone the
terms and conditions of the "Policy."

79.

By intentionally and purposely not including visible damages to the "Property,"
Defendant Progressive Insurance Company breached the "Policy."

80.

By refusing to conduct a timely investigation of the Vickie Boone 's Delta
Claim in good faith and fair dealing. Defendant Progressive Insurance Company
breached the Policy.

81.

Vickie Boone has suffered and continues to suffer damages as a result of these breaches of the Policy.

B. <u>Bad Faith</u>

82.

Vickie Boone realleges and re-avers the allegations contained in Paragraphs 50-81, above, as if restated herein.

83.

The actions and/or inactions of Defendant Progressive Insurance Company in failing to timely and adequately compensate Vickie Boone for the covered losses under the "Policy" were arbitrary, capricious, and without probable cause-as those terms are used in conjunction with La. RS §§ 22:1892 and 22:1973, making Defendant Progressive Insurance Company liable for statutory bad faith penalties.

84.

Under La. RS §22:1973, an insurer owes a duty of good faith and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause violates La. RS §22:1973.

85.

Failing to pay the amount of any claim due to any person insured by the contract within 60 days after receipt of satisfactory proof of loss from a claimant when such failure is arbitrary, capricious, or without "probable cause," is considered "bad faith" and violates La. RS §22:1973

86.

La. RS §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within (30) days.

87.

Defendant Progressive Insurance Company is in violation of La. RS §§22:1973 and 22:1892 for failing to provide Vickie Boone adequate payment in connection with her Wind/Hail claims during Hurricane Laura and Delta, despite having received satisfactory proof of loss from the insured and following their own inspections of the property.

88.

Defendant Progressive Insurance Company 's misrepresentation of the relevant facts and/or the terms of the Policy were in bad faith.

### C. Negligent Infliction of Emotional Distress

89.

Defendant Progressive Insurance Company issued insurance policies with the knowledge that the contracts did not provide any relief for the loss of income or revenue.

90.

Defendant Progressive Insurance Company Accepted the damages submitted by its vendor for Hurricane Delta only to deny any damages submitted by Vickie Boone. Causing Vickie Boone to suffered severe emotional distress including but not limited to sleepless nights and rents.

91.

Defendant Progressive Insurance Company 's refusal to provide claim file documents as required under La. RS 22:41(14) can only be described as an intentional attempt to cause Vickie Boone undue financial burden and stress.

## V.    RELEVANT FACTS

### 92.

At all times relevant hereto, Dwayne Colston owned the property located at 1620 Moss St., Lake Charles, Louisiana 70605.

### 93.

Progressive Insurance Company Insurance Company (hereinafter referred to as "Defendant Progressive Insurance Company "), insured the Property under policy number 944101687.

### 94.

The Policy covered the property against specifically named perils, including hurricanes, wind, and hailstorms.

### 95.

On or about August 27, 2020, hurricane Laura made landfall in the Lake Charles area causing substantial damage to Dwayne Colston 's property.

### 96.

The Dwayne Colston proceeded to tarp the roofs to prevent further damage as required by the terms of the contract of insurance.

### 97.

On a certain date, Dwayne Colston promptly reported the damages to Defendant Progressive Insurance Company who assigned claim number 804646 for the Property, the hurricane Laura Claim.

98.

On certain date, a claims adjuster for Defendant Progressive Insurance Company inspected the property for hurricane Laura damage.

99.

Upon information and belief, hurricane Delta made landfall in the Lake Charles area causing additional damages to Dwayne Colston 's property. Dwayne Colston filed a new claim for hurricane Delta Damages

100.

Upon information and belief, Dwayne Colston hired a licensed Louisiana Engineer, to provide a detailed report of the damages caused by the recent hurricanes.

101.

On a certain date, Dwayne Colston was provided a copy of their findings.

.

102.

In response, Defendant Progressive Insurance Company hired an Engineering Company to conduct a detailed inspection of the property.

103.

On a certain date, months after hurricane Delta, Defendant Progressive Insurance Company sent an Engineering Company to inspect Dwayne Colston 's property.

### 104.

Upon information and belief, Dwayne Colston, on a certain date, requested a copy of the claim file documents pursuant to La. RS 22:41(14). Defendant refused.

### 105.

Finally, on a certain date, months after Hurricane Delta, Defendant Progressive Insurance inspected the property for additional damages caused by Hurricane Delta.

### 106.

Upon info n belief, on a certain date, Defendant Progressive Insurance Company sent a letter denying the additional damages discussed in both engineer's reports, and the invoice Defendant agreed and paid submitted by Engineering Company for Delta Damages.

### 107.

Dwayne Colston again requested a copy of the claim file documents, including the satellite report pursuant to LA RS 22:41(14). Defendant again refused.

### 108.

Upon information and belief, Dwayne Colston provided Defendant Progressive Insurance Company with a scope and photos of the damages claimed. These reports and inspection provided to Defendant constituted satisfactory proof of loss,

as the term used in conjunction with Louisiana's bad faith statutes, La RS §§§ 22:1892, 22:1893, and
 22:1973.

109.

  Upon information and belief, Defendant Progressive Insurance Company's failure to timely and adequately compensate Dwayne Colston for their loss after receiving satisfactory proof of loss, was arbitrary, capricious, and without probable cause.

110.

  Defendant Progressive Insurance Company purposely and/or negligently misrepresented the terms and conditions of the Policy.

111.

  Defendant Progressive Insurance Company conducted the investigation and claims handling for Dwayne Colston 's claims in bad faith, pursuant to La RS §§§ 22:1892, 22:1893, and 22:1973.

112.

  Upon information and belief, Defendant Progressive Insurance Company willfully and purposely accepted the Delta damages claimed by its vendor but denied any delta damages claimed by Dwayne Colston.

113.

  Upon information and belief, Defendant Progressive Insurance Company purposefully and or/negligently failed to include the damage to the exterior despite the damages being acknowledged by inspectors.

114.

Upon information and belief, Defendant Progressive Insurance Company failed to adequately compensate Dwayne Colston for the damages to their personal property.
.

1. CAUSES OF ACTION

   A. Breach of Insurance Contract

115.

Dwayne Colston realleges and re-avers the allegations contained in paragraphs 92-114, above, as if restated herein.

116.

An insurance contract, the "Policy," exists between Dwayne Colston and Progressive Insurance Company Insurance Company.

117.

The "Policy" provides coverage for perils, including hurricanes.

118.

Despite having received satisfactory proof of loss for damages caused by the covered perils, Defendant Progressive Insurance Company, failed to timely tender adequate insurance proceeds as required by the "Policy."

119.

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of loss from the insured, Defendant Progressive Insurance Company breached the "Policy."

120.

By intentionally and/or negligently misrepresenting to Dwayne Colston the terms and conditions of the "Policy."

121.

By intentionally and purposely not including visible damages to the "Property," Defendant Progressive Insurance Company breached the "Policy."

122.

By refusing to conduct a timely investigation of the Dwayne Colston 's Delta Claim in good faith and fair dealing. Defendant Progressive Insurance Company breached the Policy.

123.

Dwayne Colston has suffered and continues to suffer damages as a result of these breaches of the Policy.

B. Bad Faith

124.

Dwayne Colston realleges and re-avers the allegations contained in Paragraphs 92-123, above, as if restated herein.

125.

The actions and/or inactions of Defendant Progressive Insurance Company in failing to timely and adequately compensate Dwayne Colston for the covered losses under the "Policy" were arbitrary, capricious, and without probable cause-as those terms are used in conjunction with La. RS §§ 22:1892 and 22:1973, making Defendant Progressive Insurance Company liable for statutory bad faith penalties.

126.

Under La. RS §22:1973, an insurer owes a duty of good faith and fair

dealing to an insured and has an affirmative duty to adjust claims fairly and promptly, failing to pay a claim in a manner arbitrary, capricious, or without probable cause violates La. RS §22:1973.

127.

Failing to pay the amount of any claim due to any person insured by the contract within 60 days after receipt of satisfactory proof of loss from a claimant when such failure is arbitrary, capricious, or without "probable cause," is considered "bad faith" and violates La. RS §22:1973

128.

La. RS §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within (30) days.

129.

Defendant Progressive Insurance Company is in violation of La. RS §§22:1973 and 22:1892 for failing to provide Dwayne Colston adequate payment in connection with her Wind/Hail claims during Hurricane Laura and Delta, despite having received satisfactory proof of loss from the insured and following their own inspections of the property.

130.

Defendant Progressive Insurance Company 's misrepresentation of the relevant facts and/or the terms of the Policy were in bad faith.

C. Negligent Infliction of Emotional Distress

131.

Defendant Progressive Insurance Company issued insurance policies with the knowledge that the contracts did not provide any relief for the loss of income or revenue.

132.

Defendant Progressive Insurance Company Accepted the damages submitted by its vendor for Hurricane Delta only to deny any damages submitted by Dwayne Colston. Causing Dwayne Colston to suffered severe emotional distress including but not limited to sleepless nights and rents.

133.

Defendant Progressive Insurance Company 's refusal to provide claim file documents as required under La. RS 22:41(14) can only be described as an intentional attempt to cause Dwayne Colston undue financial burden and stress.

98.

The Complainant hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

99.

WHEREFORE, Complainant prays that after due proceedings and legal delays, there be a judgment herein in favor of Complainant, and against Defendant IAT Insurance Group for all actual damages, general damages, and special damages, including general, special, and punitive damages under La. RS. §§22:1892 and

22:1973, and trial by jury, together with legal interest from the date of the judicial demand, and all costs of these proceedings.

100.

COMPLAINANT FURTHER PRAYS, for all orders and decrees necessary in the premises for full, general, and equitable relief.

Respectfully Submitted,

_____

Harry Cantrell
Cantrell Law Group, LLC
724 Kirby St.
Lake Charles, LA. 70601

PLEASE SERVE DEFENDANT

Through the secretary of State
Progressive Insurance Company Insurance Company
8585 Archives Ave
Baton Rouge, LA. 70809